IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
                                        :
SANDRA MOODY                            :        3:13 CV 575 (CSH)
                                        :
V.                                      :
                                        :
AIRCASTLE ADVISOR, LLC                  :        DATE: APRIL 30, 2014
                                        :
---------------------------------------------------------X

<u>RULING ON PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR ATTORNEY'S FEES</u>

On April 21, 2013, plaintiff filed this lawsuit against her former employer, Aircastle Advisor, LLC, alleging violations of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>, the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), and the Family and Medical Leave Act.  Defendant filed its Answer and Affirmative Defenses on May 23, 2013.  (Dkt. #11).  Under the previous electronic scheduling order filed by Senior U.S. District Judge Charles S. Haight, Jr. on December 26, 2013 (Dkt. #22), all discovery was to have been completed by March 5, 2014; under the latest electronic scheduling order filed by Judge Haight on April 1, 2014 (Dkt. #27), all dispositive motions are to be filed thirty days after the pending motion is resolved.

On March 4, 2014, plaintiff filed the pending Motion to Compel Defendant to Comply with Discovery and Request for Attorney's Fees, with brief, affidavit, and exhibits in support. (Dkt. #23).[1]  Judge Haight referred this case to this Magistrate Judge for discovery eight days later.  (Dkt. #24).  Thirteen days thereafter, on March 25, 2014, defendant filed its

---

[1]The following four exhibits were attached: copy of Plaintiff's Revised Interrogatories, Requests for Production & Admission, dated September 8, 2013 (Exh. A); copies of e-mails and letters between counsel, dated October 3 & 29, November 11 & 21, 2013, January 15, February 6 (with computer sheets attached), 7, 19, 21, 24 & 26, 2014 (Exh. B); computer printout of Search Terms/Derivative Hits Report, dated October 2, 2013 (Exh. C); and another copy of the February 6, 2014 letter (with computer sheets attached), and February 7 & 24, 2014 e-mails between counsel (Exh. D).

brief, affidavit ["Lopez Aff't"], and exhibits in opposition. (Dkt. #25).[2]  On April 4, 2014, plaintiff filed her reply brief and exhibits. (Dkt. #28).[3]

As set forth in the three briefs and attachments,[4] between mid-June 2013 and early December 2013, counsel negotiated the appropriate search terms for defendant's review and production of electronically stored information ["ESI"] in response to plaintiff's discovery requests, and in particular, to Requests for Production No. 8 (regarding other employees) and No. 9 (regarding e-mails) at issue here.  (Dkt. #23, Brief at 2-7 & Exhs. A-C; Dkt. #25, at 1-2, 3-5; Lopez Aff't, ¶¶ 6, 8-36, Exh. 2 & Tabs 1-21).  On November 5, 2013, defendant produced 4,590 pages of documents to plaintiff, namely Bates Nos. AYR 1072-5622.  (Lopez

---

[2]The following twenty-six exhibits are attached: a copy of the complaint here (Exh. 1); copy of letter between counsel, dated January 27, 2014 (Exh. 2); copies of e-mails between counsel, dated July 19 & 25, and August 2, 2013 (Tab 1); copies of e-mails between counsel, dated August 6 & 7, 2013 (Tab 2); copies of e-mails between counsel, dated August 10, 12 & 18, 2013 (Tab 3); copies of e-mails between counsel, dated August 10, 12, 18 & 19, 2013 (Tab 4); copies of e-mails between counsel, dated August 26 & 29, and September 3, 2013 (Tab 5); copy of e-mail between counsel, dated September 6, 2013 (Tab 6); copies of e-mail between counsel, dated September 6 & 13, 2013 (Tab 7); copies of e-mails between counsel, dated September 6, 13 & 24, 2013 (Tab 8); and copy of e-mail between counsel, dated October 2, 2013, with word list attached (Tab 9); copy of e-mail between counsel, dated October 3, 2013, with Search Term/Derivative Hits Report attached (Tab 10); copy of fax between counsel, dated October 6, 2013, with Requested Documents from Search Term/Word Hit list attached (Tab 11); copies of e-mails between counsel, dated October 6-7, 2013 (Tab 12); copies of e-mails between counsel, dated October 11 & 15, 2013 (Tab 13); copy of letter between counsel, dated November 5, 2013 (Tab 14); copy of email between counsel, dated November 8, 2013 (Tab. 15); copy of e-mail between counsel, dated November 11, 2013, with copy of Search Term Hits Report attached (Tab 16); copy of e-mail between counsel, dated November 15, 2013, with list of requested terms attached (Tab 17); copy of e-mail between counsel, dated November 21, 2013, with Search Term Hits Report attached (Tab 18); copy of e-mail between counsel, dated November 26, 2013 (Tab 19); copies of e-mails between counsel, dated November 26 & 29, and December 5-6, 2013 (Tab 20); copy of e-mails between counsel, dated December 6, 9 & 10, 2013 (Tab 21); copy of letter between counsel, dated February 11, 2014 (Exh. 3); copies of multiple emails, and a letter, dated January 13, 2012 (Exh. 4); and copy of e-mail between counsel, dated March 6, 2014 (Exh. 5) .

[3]The following four exhibits are attached: copies of multiple e-mails and letters regarding the death of an employee (Exhs. A-B); some computer printouts, largely unintelligible (Exh. C); and copy of Best Practices in e-Disocvery in New York State and Federal Courts, Version 2.0, approved April 5, 2013 (Exh. D).

[4]The three briefs and attachments are nearly 400 pages in total.

Aff't, ¶ 29, Exh. 2 & Tab 14).  On December 6, 2013, plaintiff agreed to a computer search of additional terms, within fifteen words of "Sandra" or "Moody," and some independent words, with the right to request an additional search in the future, resulting in "slightly less than 2,000 documents" to be reviewed by defendant. (Lopez Aff't, ¶¶ 35-36, Exh. 2 & Tabs 20-21).  On December 19, 2013, defendant produced the supplemental documents, so that it has reviewed approximately 8,000 ESI documents, consisting of approximately 18,000 pages of information, and has produced more than 6,500 pages of hard copy and ESI documents.  (Lopez Aff't, ¶¶ 37-38).  According to defendant, its attorneys have expended more than 207 hours on these ESI issues, at a cost of $90,010.  (Id., ¶ 39).

From mid-January through late February 2014, plaintiff requested additional ESI searches, on the basis that defendant's production had not conformed with the parties' prior agreement. (Dkt. #23, Exhs. B-D; Lopez Aff't, ¶¶ 42-55, Exh. 2).  Defendant did search five of the more inflammatory terms requested by plaintiff, and uncovered three irrelevant documents with respect to one of the terms, several irrelevant documents with another, and none with respect to the remaining three.  (Lopez Aff't, ¶¶ 50-51 & Exh. 4).  Defendant estimates that it will cost an additional $10,500 to search appropriately 2,500 ESI documents for plaintiff's latest discovery requests.  (Id., ¶ 40).

Under the circumstances here, defendant is not required to conduct any additional ESI discovery in response to Request for Production No. 9, unless plaintiff reimburses defendant for the additional expenses, estimated to be approximately $10,500.  See Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 316-24 (S.D.N.Y. 2003); see also Trusz v. UBS Realty Inv. LLC, No. 09 CV 268 (JBA), 2010 WL 3583064, at *3-5  (D. Conn. Sept. 7, 2010), reconsideration granted on other grounds, 2011 WL 121651 & 2011 WL 124504 (D.

Conn. Jan. 13, 2011).

With respect to the employment records sought of the four other employees, defendant adequately has explained that it instituted a capped Paid Time Off policy as of January 1, 2012, that since plaintiff left defendant in January 2013, the only relevant time period is 2012, that of the four employees, only one took maternity leave or short-term disability leave in 2012, that her relevant documents were produced, and that this employee has been deposed. (Lopez Aff't, ¶¶ 57-64; see also Dkt. #23, Brief, Exhs. A-B). Therefore, no further production is required from defendant with respect to Request No. 8

With respect to attorney's fees, plaintiff's request is denied. Defendant seeks attorney's fees under Fed. R. Civ. P. 37(a)(5)(B) (Dkt. #25, Brief at 11-12; Lopez Aff't, ¶¶ 54-56 & Exh. 5; Dkt. #23, Brief, Exh. B), under which the opposing party is entitled to attorney's fees if the motion to compel is denied, unless the motion to compel "was substantially justified or other circumstances make an award of expenses unjust." See Stavola v. Northeast Util., No. 05 CV 998 (JBA), 2006 WL 2850414 (D. Conn. Oct. 4, 2006)(awarding plaintiff attorney's fees after denying defendant's unusual motion to compel their subpoena for deposition of plaintiff's counsel on the issue of statute of limitations); see also Saliga v. Chemtura Corp., No. 12 CV 832 (RNC), 2013 WL 6097100, at *2-4 (D. Conn. Nov. 20, 2013)(awarding defendant attorney's fees after denying plaintiff's motion to compel discovery that "r[a]n afoul of the authorized number of interrogatories" permitted under Fed. R. Civ. P. 33). The facts here fall far short of the egregious levels of Stavola and Saliga, and given the potential that plaintiff may obtain the additional ESI discovery she seeks if she reimburses defendant, the award of expenses here would be "unjust."

Accordingly, plaintiff's Motion to Compel Defendant to Comply with Discovery and

Request for Attorneys' Fees (Dkt. #23) is <u>denied with respect to Request No. 8, is granted with respect to Request No. 9 but only if plaintiff reimburses defendant for the additional expenses, and is denied with respect to her request for attorney's fees</u>.  Plaintiff's counsel shall notify defense counsel of her intentions with respect to Request No. 9 **on or before May 9, 2014**. Defendant's request for attorney's fees is <u>denied</u>.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).[5]

Dated at New Haven, Connecticut, this 30th day of April, 2014.

   /s/ Joan G. Margolis, USMJ
    Joan Glazer Margolis
    United States Magistrate Judge

---

[5] If either counsel believes that a settlement conference before this Magistrate Judge could be productive, he or she should contact Chambers accordingly.